Winfield Township. *ex rel.* Patton, Supervisor, *v.* Wise.

---

No. 9135.

WINFIELD TOWNSHIP, EX REL. PATTON, SUPERVISOR, *v.* WISE.

HIGHWAYS.—*Exemption from Labor.—Township Trustee.*—Exemption from labor on highways, under section 9, 1 R. S. 1876, p. 857, is to be determined exclusively by the township trustee, and the ground merely, on which he might exempt a person from road work, is insufficient to constitute a defence to an action for failure to perform such work.

SAME.—*Road Labor.— Commutation.— Jury.—Exemption.*—The amount of exemption allowed in cases of judgments founded on contracts can not be considered by the jury in such action, in determining whether the defendant was too poor to pay the commutation for such labor.

APPEAL.—*Amount in Controversy.—Dismissal.*—Where the amount in controversy, exclusive of interest and costs, does not exceed fifty dollars, the appeal will be dismissed in the Supreme Court.

From the Lake Circuit Court.

*M. Wood* and *T. J. Wood*, for appellant.

*T. S. Fancher*, for appellee.

WORDEN, J.—This action was brought by the appellant against the appellee, before a justice of the peace, to recover for a failure to perform road work, or to pay the commutation therefor. The cause was appealed to the circuit court, where it was tried by a jury. Verdict and judgment for the defendant.

There was evidence on the trial tending to show that the defendant, from bodily infirmity, was unable to work upon

Winfield Township, *ex rel.* Patton, Supervisor, *v.* Wise.

the road, and, also, that his property was of less value than $600 ; but there was no evidence that he had been exempted from such work by the township trustee.

The court gave the jury the following instruction :

"As to the question of how much property a man must have, or how little, in order to bring himself within the provision of the statute, 'too poor to pay the commutation,' [it] is a question of both law and fact ; and so I instruct you that if you find from the facts that the defendant was the head of a family, and a *bona fide* resident, then, in determining the question of whether he is too poor to pay the commutation, you may take into consideration the exemption allowed by law to such a person, which, as a matter of law, I instruct was six hundred dollars."

This instruction seems to us to have been wrong, inasmuch as there is no exemption of property from execution in such cases. 1 R. S. 1876, p. 857, sec. 11. There being no exemption in such cases, it is difficult to see how the amount exempt in cases of judgments founded upon contract could be considered by the jury in determining whether the defendant was too poor to pay the commutation.

There was another radical error in the instruction. It assumes that the defendant might set up, as a defence to the action, that he was unable, from bodily infirmity, to work on the road, and too poor to pay the commutation therefor, and make an issue in the cause upon those questions.

This, it is quite clear from the statute, can not be done. The statute provides that, "On application to the township trustee, any person liable to work on highways may be exempt therefrom, if it be shown he is unable from bodily infirmity to work thereon, and that he is too poor to pay the commutation therefor ; also, any person belonging to any legally organized fire company, and in such cases the township trustee shall execute to such person a certificate

thereof, which shall, on being presented to the supervisor, entitle him to such exemption.'' Sec. 9, statute above cited.

The whole matter of exemption, in such cases as the present, is left to the township trustee. If he exempts a person, and gives him a certificate, as provided for, that is a good defence. But, if the trustee fails or declines to exonerate a person on the ground that he is unable to work, and too poor to pay, there is an end of the question. It was clearly intended by the Legislature, that exemptions of this character should be determined exclusively by the trustee, and not that the ground merely on which he might exempt should constitute a ground of defence to such action.

But, as the amount in controversy in this case, exclusive of interest and costs, does not exceed fifty dollars, the appeal will have to be dismissed. Acts 1879, p. 168.

The appellant suggests that the case may come to this court under section 347 of the code, notwithstanding the act of 1879. But section 348 shows that, when a cause reserved under section 347 comes to this court, it comes *by appeal*, as fully as in any other case.

The appeal is dismissed, at the costs of the appellant.