No. 15,839.

THE TOWN OF NORTH MANCHESTER v. OUSTAL.

MUNICIPAL CORPORATION.—*Validity of Penal Ordinance.*—*Justice of the Peace.*—*Appeal to Supreme Court.*—Where a party was prosecuted before a justice of the peace for the violation of a penal ordinance of a town, the amount demanded being twenty dollars, and the only question involved being the guilt or innocence of the accused, there is no right of appeal, on the part of the town, to the Supreme Court, under section 632, R. S. 1881. The failure to convict the accused left the ordinance unaffected by the litigation, so that the validity of the ordinance upon which the prosecution was based was not in question.

From the Huntington Circuit Court.

*J. B. Kenner* and *B. F. Clemens,* for appellant.

*M. H. Kidd, N. G. Hunter* and *E. E. Eikenborg,* for appellee.

MILLER, J.—The appellee was prosecuted before a justice of the peace for the violation of a penal ordinance of the appellant.

The amount demanded in the complaint was the sum of twenty dollars.

We are met at the threshold with the question of jurisdiction.

Section 632, R. S. 1881, gives a right of appeal from all final judgments of circuit and superior courts, " except in actions originating before a justice of the peace or mayor of a city, where the amount in controversy, exclusive of interest and costs, does not exceed fifty dollars : *Provided,* however, That this exception shall not apply to prohibit an appeal in cases originating before a justice of the peace or mayor of a city, involving the validity of an ordinance passed by an incorporated town or city."

The fact that payment of judgments rendered in actions for the violation of penal ordinances may be enforced by imprisonment will not give a right of appeal. *Quigley* v. *City of Aurora,* 50 Ind. 28.

Counsel for appellant strenuously insist that the validity of the ordinance, upon which the prosecution was based, was brought in question, and that, therefore, the right of appeal is not taken away by the exception contained in the above recited section.

If this position of counsel is correct, the jurisdiction on appeal is in this court; for the only right of appeal given in actions originating before justices of the peace where the amount involved is less than fifty dollars, is in cases involving the validity of an ordinance passed by an incorporated town; and in such cases the appeal must be to this court. Elliott's Appellate Procedure, sections 43, 56.

We are unable to agree with counsel in their contention, that the validity of an ordinance is involved. An examination of the record convinces us that the only question involved was the guilt or innocence of the accused of a violation of the provisions of the ordinance. The failure to convict the appellee left the ordinance unaffected by the litigation.

The appeal is therefore dismissed at appellant's costs.

