CHARLES W. AUSTIN, as Overseer of the Poor of the Town of Cambridge, Washington County, Appellant, *v.* SARAH A. CARSWELL, Respondent.

*Erroneous reception of evidence, how cured — selling liquor without a license — civil, as well as criminal, liability — liability of a proprietor for sales by a bartender.*

Illegal evidence tending to excite the passions, arouse the prejudices, awaken the sympathies or influence the judgment of the jurors, may not be considered harmless.

To remedy an erroneous reception of evidence on a trial by jury it must be plainly stricken out or the jury must be distinctly told to disregard it.

The plaintiff, in a civil action by an overseer of the poor to recover penalties under the excise laws, is entitled to have the jury instructed that the defendant may be liable civilly, although he may have been prosecuted criminally for the same offense.

*Quære,* as to the liability, in a civil action for penalties under the excise laws, of the proprietor of a hotel for sales of liquor without a license by his bartender, without his knowledge and against his instructions, but the receipts for which were passed over to him.

APPEAL by the plaintiff, Charles W. Austin, as Overseer of the Poor of the Town of Cambridge, from a judgment of the Washington County Court, entered in the office of the clerk of Washington county on the 27th day of June, 1892, on a verdict of no cause of action, rendered in favor of the defendant at a trial in the Washington County Court.

The action was brought to recover penalties, under the excise law, for selling liquors at a hotel, known as the Union House, in the town of Cambridge, in quantities less than five gallons at a time, without a license. The action was commenced in a Justice's Court; and a trial having been had there, which resulted in a verdict for the plaintiff, the defendant appealed to the County Court, where a new trial was had, resulting in the judgment now appealed from.

*D. M. Westfall,* for the appellant.

*John K. Larmon* and *James H. Ryan,* for the respondent.

PUTNAM, J.:

I think an error was committed upon the trial in overruling plaintiff's objections to the evidence offered by defendant to show

that she had been taken to Sandy Hill and fined $100. This evidence was irrelevant to the case on trial, and may have had some influence upon the jury. It is held that illegal evidence tending to excite the passions, arouse the prejudices, awaken the sympathies or influence the judgment of jurors may not be considered harmless. (*Hutchins* v. *Hutchins,* 98 N. Y., 56.)

Although this evidence was improperly received, the error could have been cured had the court afterward struck out such evidence or directed the jury to disregard it. The remark of the judge that, " whether there have been prosecutions of criminal nature for offenses of this nature or not, * * * · is no concern of yours," cannot be deemed a striking out of the evidence in question, or a. direction to the jury to disregard it. To remedy an erroneous reception of evidence, it must be *plainly* stricken out or the jury must. be *distinctly* told to disregard it. The above-quoted instruction of the trial judge is ambiguous and does not come up to this requirement. Again, the judge was requested to charge that defendant may be liable civilly, although she may have been prosecuted criminally for the same offense. He declined to so charge on the ground that he had already charged on that point. I am unable to discover that he had charged in that regard. I think plaintiff was entitled to have the instructions requested given to the jury. For this error there should be a new trial.

It is, therefore, unnecessary to consider other exceptions, or whether the charge of the trial judge to the effect that, if Roach made the sales of liquor shown on the trial without the knowledge .or consent and against the instructions of defendant, she was not liable, is correct or not. It was shown that defendant was proprietor of the hotel, and that Roach, at the time of such sales, was her bartender. He testified that the receipts for all sales of liquor were passed over to defendant. Under such circumstances, there are authorities holding defendant liable, although Roach had sold the liquor against her express directions. (3 Am. and Eng. Ency. of Law, 258 ; *Smith* v. *Reynolds,* 8 Hun, 128 ; *Keedy* v. *Howe et al.,* 72 Ill., 133 ; *George* v. *Gobey,* 128 Mass., 289 ; and see *Amerman* v. *Kall,* 34 Hun, 127 ; *Rucker* v. *Smoke* [South Carolina, Oct. 1892] ;. 47 Alb. L. Jour., 35, 36.)

Without passing upon this point however, and for the reasons.

above stated, I think the judgment should be reversed and a new trial granted, costs to abide the event.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment reversed, new trial ordered, costs to abide the event.