CASE 6—HABEAS CORPUS—SEPTEMBER 21.

# Broadwell v. Commonwealth.

### APPEAL FROM HARRISON CIRCUIT COURT.

1. THIS COURT HAS NO JURISDICTION OF AN APPEAL from a judgment for
   a fine of only ten dollars.   And the mere fact that it is contended
   that the statute under which the fine is imposed is unconstitu-
   tional does not confer jurisdiction.

2. NO APPEAL LIES FROM THE ORDER OF A JUDGE DISPOSING OF A WRIT
   OF HABEAS CORPUS, although the order may have been made dur-
   ing term time and spread upon the order book of the court.
   Whether made in or out of court it is merely the order of the
   judge and not of the court.

BLANTON & BERRY FOR APPELLANT.

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLEE.

No appeal lies from the judgment for a fine of ten dollars or from the
order disposing of the writ of *habeas corpus.*

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The accused, Broadwell, was indicted in the Harrison Cir-
cuit Court under section 1330 of Kentucky Statutes, which
reads as follows:   "If any person shall be engaged, directly
or indirectly, in running a horse, by way of practicing him,
or in running a horse  race, on a public highway or on the
street of any town or city, or shall ride or drive any horse in a
gallop or run on or through the streets of any city or town, he
shall be fined not less than ten dollars for each offense."   He
was tried, found guilty and fined ten dollars, and failing to
pay or replevy the fine, was committed to jail.

The accused filed his petition for a writ of *habeas corpus,*
alleging his indictment, trial, conviction and that the law
under which the prosecution took place was unconstitu-

tional and void because it does not fix the maximum fine that may be imposed.

Upon filing the petition with W. W. Kimbrough, who is judge of the circuit court in which Harrison county is situated, and the judge who presided at the trial of the accused, he granted a writ of *habeas corpus.*

Upon the hearing, the writ of *habeas corpus* was dismissed and the appellant adjudged to comply with the order of the court.

From that action this appeal is prosecuted.

. From the view the court takes of the appeal it is unnecessary to discuss the question as to the validity of the statute under which the prosecution took place.

This court has no jurisdiction of an appeal where the fine is ten dollars, and the fact that it is contended that the statute under which the fine is imposed is unconstitutional does not confer jurisdiction regardless of the amount involved on the appeal.

The statute fixing the jurisdiction of this court must control.

This court has no appellate jurisdiction of orders or judgments of judges of courts trying writs of *habeas corpus.*

The fact that the order of the circuit judge disposing of the writ was made during term time and spread upon the order book of the court does not alter the character of the judgment. An appeal does not lie from it any more than it would from such order made between terms of the court.

The jurisdiction of this court only relates to final orders and judgments of inferior courts and not to orders and judgments which judicial officers are authorized to make out of court.

The orders of the judge or officer trying a writ of *habeas*

*corpus* are not the orders of a court, but merely of the judge or justice making them.

And as the law does not require the writ to be returned, or questions arising thereon to be tried, in court, the judge can not, by hearing it during a term of court and having the order spread upon the order book of the court, impart to the orders an effect not intended by the law regulating the granting and trial of the writ of *habeas corpus*. Whether he make the order in or out of court its legal effect is the same, as an appeal will not lie from it in either case.

This question has been so fully discussed by Judge Simpson in Weddington &c. v. Sloan &c., 15 B. M., 147, that we will not extend the discussion of the question.

We are of the opinion that this court has no appellate jurisdiction in the case.

Wherefore the appeal is dismissed.