HARVEY JOYCE, Appellant, *v.* THE ROME, WATERTOWN AND OGDENSBURG RAILROAD COMPANY, Respondent.

92   107
s161a630,

92h     107
a168 NY 665

*Negligence — inspection of cars — conclusions — rules of a railroad corporation — duty of the appellate court to review facts.*

Where an action is brought by an employee of a railroad company to recover damages for injuries resulting from the alleged negligence of the defendant in using upon a car an unfit drawhead, it is proper to submit to the jury the question whether the cars had been properly inspected at the place fixed for inspection; and if the jury finds that no such inspection was made, they may hold the defendant liable.

The plaintiff in such an action may be asked, upon cross-examination, if he had a son in the employment of the company as a fireman who was so employed for a year after the present action was begun and whether the son had then left such employment or been discharged.

A rule of a corporation which states that conductors will be held personally responsible for examining cars in their trains at every convenient point, especially at the water stations, and, "with the help of their men," must know that

their cars are in a safe condition, is competent evidence for the defendant in such an action.

*Semble*, that a car inspector of experience may testify as to how much space there would be in a properly constructed car between the drawhead and the frame sill of the car above it or between the drawhead and the keeper strap, on either side.

A witness should not be allowed to testify to a conclusion.

In considering the question whether a verdict is against the weight of evidence, the appellate court should not affirm the order denying a new trial simply out of deference to the trial judge, but should exercise an independent judgment upon the facts.

APPEAL by the plaintiff, Harvey Joyce, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Oswego on the 8th day of November, 1894, upon the verdict of a jury rendered after a trial at the Oswego Circuit, and also from an order bearing date the 3d day of October, 1894, and entered in said clerk's office denying the plaintiff's motion for a new trial made upon the minutes.

Action was brought to recover damages arising out of the alleged negligence of the defendant in causing injuries to the plaintiff which occasioned the loss of an arm while he was attempting to couple certain cars belonging to the defendant at the Richland station January 10, 1890.

The case was before the General Term upon a former appeal, when it was said: "The duty rested upon the defendant to cause a proper inspection of the cars before they left Oswego. There was evidence tending to show that the appliances for coupling were defective; that there was an improper play of the drawhead of from one to three inches. Whether this contributed to the injury, and whether it existed when the train left Oswego, and might by proper inspection have been discovered and remedied, were questions of fact for the jury. So was the question of contributory negligence. (See *Goodrich* v. *N. Y. C. & H. R. R. R. Co.*, 116 N. Y. 398, 404; *Ellis* v. *N. Y., L. E. & W. R. R. Co.*, 95 id. 546.) We think the case should have been submitted to the jury." (80 Hun, 601.)

At the trial now under review the questions of fact were submitted to the jury, and its verdict was for the defendant. A motion for a new trial was made on the minutes and denied. Plaintiff appeals from the judgment and order.

*J. W. Shea,* for the appellant.

*D. G. Griffin,* for the respondent.

HARDIN, P. J.:

Following our decision made when the case was here upon a former appeal (80 Hun, 601), the trial judge submitted the leading questions of fact to the jury. Plaintiff relied upon his testimony and the attending circumstances and incidents of the accident to show that he, on the occasion of the injury, was free from contributory negligence. The verdict may have been rendered against the plaintiff upon that ground, as it was for the jury to determine what credence should be given to the testimony of the plaintiff, and what force should be given to the facts and circumstances disclosed relating to the occasion upon which the injuries complained of were received. (*Elwood* v. *Western Union Tel. Co.,* 45 N. Y. 549; *Kavanagh* v. *Wilson,* 70 id. 177; *Koehler* v. *Adler,* 78 id. 287.) In regard to the alleged negligence of the defendant, extensive evidence was given as to the condition of the drawheads at the time the injuries were received by the plaintiff, and a question was presented for the jury to consider, whether there had been proper inspection of the cars in attempting to couple which the injuries complained of were received, made at Oswego, and if no such inspection had been made, the jury were allowed to find that the defendant had been negligent in that regard, following the doctrine laid down in *Bailey* v. *R., W. & O. R. R. Co.* (139 N. Y. 302). Viewing the evidence most favorably to the plaintiff, it must be said that there was some ambiguity, uncertainty and indefiniteness in the evidence in regard to the condition of the drawheads and the other appliances at the time he attempted to couple the cars and received the injuries of which he complains.

Whether the defendant had been guilty of negligence or not in leaving the drawheads or other appliances in an improper condition was for the jury to determine upon a consideration of all the evidence relating thereto produced at the trial. A very full and exhaustive charge upon the evidence was delivered by the trial judge to the jury, and the principles of law that he laid down in respect to the liability of the defendant to the plaintiff, a brakeman and employee of the road, were within the rules of law applicable to cases of this

character, as established by the adjudged cases. (*Cassidy* v. *McFarland*, 139 N. Y. 202; *Hough* v. *Railway Co.*, 100 U. S. 213; *Union Pacific Railway Co.* v. *Daniels*, 152 id. 684; *Hankins* v. *N. Y., L. E. & W. R. R. Co.*, 142 N. Y. 423.) A careful inspection of the evidence relating to the question of the defendant's negligence leaves upon our minds the impression that the verdict is not contrary to the evidence relating to that question, offered at the trial. The charge carefully directed the attention of the jury to all the salient features of the evidence, and we are inclined to think the charge was as favorable to the plaintiff as was warranted by the evidence.

(2) Plaintiff called as a witness one Allen Wolfe, who was a car inspector, who gave a description of the drawhead and the bumper and appliances connected therewith, used in the operation of the cars, and in the early part of his testimony plaintiff asked the witness the following question: " Q. And in a properly constructed car, how much space would there be between the drawhead and the frame sill of the car above it or the keeper strap on either side ? " This was objected to by the defendant on the ground that it was incompetent and immaterial, and the objection was sustained on the ground that the witness was not shown to be an expert upon the question of the construction of cars. Thereupon the plaintiff excepted. Subsequently the witness stated that he had been a car inspector for ten years, inspecting cars for defects, and he added : " But not as to whether it is perfectly constructed." Thereafter he stated : " Sometimes a small drawhead is in a large space; in such a case we change them to make the car safe to go over the road; it is a part of our duty to detect as to the space between the drawhead and the frame sill of the car; the drawbars are square; if they fit the space one way they will another; I sometimes found in my inspection of a car that the space is considerably larger than the drawhead, and regarded that as an imperfection; * * * there hadn't ought to be less than half an inch; that gives them a chance to work in and out, a half an inch each way, up and down and sideways; about a half an inch is what it ought to be ; no more nor less; about that." We think in the evidence which we have quoted, and in the further evidence given by the witness, the plaintiff obtained all the information which the

witness possessed upon the subject involved in the question, and that no prejudicial error occurred by reason of the ruling made in respect to the question.

(3) When the plaintiff was upon the stand, and being examined, he was asked " if those drawheads had struck squarely upon each other, could you have made that coupling with safety ? " That was objected to as calling for a conclusion. In ruling upon such objection the court observed : " That isn't competent to ask what might have been done if something else occurred. You have got the fact as to what did occur ; showed that one shut over the other, and that let the deadwoods together." The plaintiff thereupon took an exception. We are inclined to think that the exception presents no error. The witness subsequently was allowed to be examined quite in detail as to all the information he had upon the subject of the actual condition of the drawhead, the bumpers and other appliances connected therewith.

(4) In the testimony of the plaintiff he was asked : " And with the link entering there the spring, the coiled springs upon the tail pieces would have been brought into requisition, would they into resistance ? " That was objected to by the defendant on the ground that it was a conclusion, and that the witness had given the facts. In response thereto the court observed : " I think that is a conclusion ; we have got the facts." Thereupon the plaintiff took an exception. We fail to see any prejudicial error in the ruling.

(5) During the cross-examination of the plaintiff it was conceded that among the rules promulgated by the defendant, and in force at the time of the accident were several, which were produced. To the introduction in evidence of those rules the plaintiff objected. The first rule read by the defendant was as follows : " They (meaning brakemen) must load and unload freight, and will assist the conductor in inspecting the running gears of the cars at every point where the train stops to water or to pass other trains." The next rule read by the defendant was as follows : " They (conductors) will be held personally responsible for examining cars in their trains at every convenient point, especially at the water stations, *and with the help of their men must know* their cars are in a safe condition and no wheels or brakes broken. They must report all damage done to cars while in their charge, remembering that the safety of trains greatly depend

upon the watchfulness of trainmen." The plaintiff seems to have conceded that the last-quoted rule was in force at the time of the accident, but contended, however, that it was a rule applicable only to conductors. After an inspection of the language of the rule we are inclined to think the court committed no error in receiving it in evidence in connection with the cross-examination then taking place of the plaintiff.

(6) Complaint is made by the plaintiff that he was asked if he had a son in the employ of the company, and as to how long such son had continued in the employ of the company as a fireman, and that he was in such company's employ until the spring of 1892, something like a year after the commencement of the suit, and whether such son had quit.

We think the exceptions taken by the plaintiff do not present any error which warrants us in interfering with the verdict. The evidence which was condemned in *Austin* v. *Carswell* (67 Hun, 579), in an action brought to recover penalties against the defendant, was to the effect " that she had been taken to Sandy Hill and fined $100." We think the case differs essentially from this one and does not condemn the ruling to which we have just adverted.

Nor is this case like *Hutchins* v. *Hutchins* (98 N. Y. 65), where the defendant was allowed to prove under objection " that Phineas Hutchins was supposed to be worth $15,000, while he testified that he himself was not a man of property." We think the case does not sustain the contention of the appellant.

(7) Nor do we think it was error to allow the witness Morrell to state the mode of inspecting cars adopted at the defendant's yard at the west end of Oswego city.

(8) Several other exceptions are referred to in the brief of the learned counsel for the appellant to which we have given attention, and we are not persuaded that any of them present any error requiring us to disturb the verdict. Appellant contends the verdict is against the weight of evidence, and calls our attention to *Kaare* v. *T. S. & I. Co.* (139 N. Y. 369). In that case it was held that the General Term " should not affirm the order simply out of deference to the trial judge, but should exercise an independent judgment." Following the rule laid down in that case

we are of the opinion that the verdict is not against the weight of evidence.

We see nothing in *Matter of Patterson* (79 Hun, 374) which supports the contention of the appellant.

The foregoing views lead us to sustain the verdict and the order denying the motion for a new trial.

The judgment and order must be affirmed, with costs.

MARTIN and MERWIN, JJ., concurred.

Judgment and order affirmed, with costs.