CLINTON TOWNSHIP, CASS COUNTY, v. DE HAVEN.

[No. 2,784.    Filed April 28, 1899.]

APPELLATE COURT.—*Jurisdiction.*—*Cause Originating Before Justice of the Peace.*—*Highways.*—*Commutation Money.*—Neither the Supreme nor Appellate Court has jurisdiction of an appeal from a judgment for $2.50 in an action originating before a justice of the peace for commutation money for two days' work under call of supervisor of road district, brought under the provisions of section 6825 Burns 1894.

From the Cass Circuit Court.    *Appeal dismissed.*

*Nelson & Myers,* for appellant.

BLACK, C. J.—An appeal was taken in this cause to the Supreme Court, and the cause was transferred to this Court by the Supreme Court at its November term, 1897.

The cause originated before a justice of the peace, from whom the venue was changed to a justice of the peace of another township, who rendered judgment in favor of the plaintiff, the appellant here, for $2.50, the full amount for which the action was brought; it being an action on account, under section 6825 Burns 1894, section 5074 Horner 1897, for "commutation money for two days' work under call of supervisor in" a certain road district named, "under call of June the 8, 1896, at $1.25 per day." The cause was appealed to the court below, where, upon trial by the court, there was a finding for the defendant, the appellee. A motion for a new trial filed by the appellant was overruled, and judgment was rendered in accordance with the finding. The overruling of the motion for a new trial is assigned as error.

The right of appeal is statutory. Our code of civil procedure of 1881 has a provision that "appeals may be taken from the circuit courts and superior courts to the Supreme Court, by either party, from all final judgments, except in actions originating before a justice of the peace or mayor of a city, where the amount in controversy, exclusive of interest

Clinton Tp. *v.* DeHaven.

and costs, does not exceed $50. Provided, however, that this exception shall not apply to prohibit an appeal in cases originating before a justice of the peace or mayor of a city, involving the validity of an ordinance passed by an incorporated town or city," etc.

In the statute defining the jurisdiction of the Appellate Court, the jurisdiction conferred is declared to be exclusive, and the decisions of the court in the cases of which it has jurisdiction are made final; and the only appeals from judgments rendered in cases which originated before a justice of the peace of which this court is given jurisdiction are appeals in cases in which the amount in controversy, exclusive of interest and costs, exceeds $50. In particular cases within this description, but also within certain exceptions expressed in the statute, we have not jurisdiction. Section 1336 Burns 1894, section 6562a Horner 1897.

The statute provides for the transfer to this court of any case wherein an appeal has been taken to the Supreme Court, when it should have been taken to this court, being of the nature and description of those cases of which jurisdiction is given by the statute to this court; and the action of the court in making such transfer is declared to be final. Sections 1336, 1356, 1362 Burns 1894, sections 6562a, 6580, 6586 Horner 1897. The Supreme Court had not jurisdiction of such an appeal as this before the creation of the Appellate Court. *Winfield Tp.* v. *Wise,* 73 Ind. 71. See, also, *State* v. *Porter,* 134 Ind. 63, 67. Neither the Supreme Court nor this Court has jurisdiction of an appeal in such a case as this. Appeal dismissed.