THE COLLIERY ENGINEER COMPANY *v.* THE AMERICAN CAR AND FOUNDRY COMPANY ET AL.

[No. 19,434.   Filed June 5, 1901.]

APPEAL AND ERROR.— *Action Begun Before Justice of the Peace.*— The fact that the constitutionality of a statute is involved does not render an action begun before a justice of the peace in which the amount in controversy does not exceed $50 appealable to the Supreme or Appellate Court under the exception in §644 Burns 1894 relative to appeals, as such exception applies to ordinances of municipal corporations.

From Clark Circuit Court; *J. K. Marsh,* Judge.

Appeal from judgment in action originating before a justice of the peace involving the constitutionality of a statute where the amount in controversy was $1. *Appeal dismissed.*

*J. W. Fortune, A. G. Smith* and *C. A. Korbly,* for appellant.

*M. Z. Stannard,* for appellees.

MONKS, C. J.—This is an action for the recovery of money only, and originated before a justice of the peace. The amount in controversy, exclusive of interest and cost,

is $1. It is conceded by the parties that the right of recovery depends upon the constitutionality of a statute. The appeal to this court was perfected August 3, 1900. The right of appeal in this State is statutory. Elliott's App. Proc., §77; Ewbank's Manual, §§81, 88. Our code of civil procedure provides that "Appeals may be taken from the circuit courts and superior courts to the Supreme Court, by either party, from all final judgments, except in actions originating before a justice of the peace or mayor of a city, where the amount in controversy, exclusive of interest and costs, does not exceed $50: Provided, however, That this exception shall not apply to prohibit an appeal in cases originating before a justice of the peace or mayor of a city, involving the validity of an ordinance passed by an incorporated town or city." §644 Burns 1894, §632 R. S. 1881 and Horner 1897.

By the second clause of §1336 Burns 1894, §6562a Horner 1897, the Appellate Court was given jurisdiction of all appeals from judgments rendered in cases which originated before a justice of the peace, in which the amount in controversy, exclusive of interest and cost, exceeds $50. Said section also provides that the Appellate Court shall not have jurisdiction of any case where the constitutionality of a statute, federal or State, or the validity of an ordinance of a municipal corporation, is in question, and such question is duly presented. It is clear that the jurisdiction of this appeal was not in the Appellate Court.

As the action is for the recovery of money only, and the amount in controversy, exclusive of interest and cost, does not exceed $50, and the validity of an ordinance of an incorporated town and city is not involved, the same was not appealable under the laws of the State. §644 (632) *supra; Winfield* v. *Wise,* 73 Ind. 71, 73; *Bosworth* v. *Wayne Pike Co.,* 101 Ind. 175; *Louisville, etc., R. Co.* v. *Coyle,* 85 Ind. 516; *Cincinnati, etc., R. Co.* v. *McDade,* 111 Ind. 23; *Town of North Manchester* v. *Oustal,* 132 Ind. 8; *Cow-*

ley v. *Town of Rushville,* 60 Ind. 327; *Quigley* v. *City of Aurora,* 50 Ind. 28, and cases cited; *Clinton Tp.* v. *De Haven,* 22 Ind. App. 280; *City of Greensburg* v. *Cleveland, etc., R. Co.,* 23 Ind. App. 141; *Griffee* v. *Town of Summitville,* 10 Ind. App. 332; *Lake Erie, etc., R. Co.* v. *Yard,* 8 Ind. App. 199; *Duckworth* v. *Mosier,* 4 Ind. App. 267; Ewbank's Manual, §89.

The fact that the constitutionality of a statute may be involved is immaterial, for the reason that no provision was made in the proviso of said §644 (632), *supra,* for the appeal of cases originating before a justice of the peace or mayor of a city, involving the constitutionality of a statute, where the amount in controversy exclusive of interest and cost did not exceed $50, as there is for cases involving the validity of ordinances of municipal corporations.

As the statute makes no provision for an appeal in a case such as this, this court has no jurisdiction of the appeal.

Appeal dismissed.