Lawrence M. **BRAYTON**, Appellant,

v.

**CITY OF ANCHORAGE**, a municipal
corporation, Appellee.

No. 219.

Supreme Court of Alaska.

Nov. 19, 1963.

Lawrence M. Brayton, in pro. per. Millard F. Ingraham, Fairbanks, presenting appellant's oral argument.

Richard O. Gantz and Harland W. Davis, Anchorage, for appellee. Vasken Minasian, Anchorage, presenting appellee's oral argument.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

NESBETT, Chief Justice.

While a candidate for state office in June of 1960 appellant attached approximately fifty political posters to telephone utility poles belonging to appellee city. This was a violation of a City of Anchorage Ordinance.[1]

Appellee caused the posters to be removed and commenced suit in the district magistrate court to recover the cost of removal in the sum of $43.50.

1. Section 3–1(c), Code of Ordinances of the City of Anchorage states:

"No person shall attach, place, paint, write, stamp or paste any sign, advertisement or other matter upon any lamp post, electric light, railway, telephone or telegraph pole, shade tree, fire hydrant, or boxing covering them; or on any bridge, pavement, sidewalk or crosswalk, public building, or any property or thing belonging to the city, or any article or thing within any park; provided, this section shall not be construed to prevent any public officer from so doing for any public purpose."

Appellant appealed to the superior court from a judgment in favor of the appellee. The superior court affirmed the judgment of the magistrate court and appeal was taken to this court.

■ Appellant's first point is that the city had no standing to commence the action, because a municipal corporation is a creature of the legislature, has no powers not expressly or impliedly conferred upon it by the legislature, and that that body had not conferred on municipal corporations the power to commence a suit of this nature.

At the time the action arose a municipal corporation was permitted by statute to maintain an action to recover damages for an injury to its corporate rights or property.[2] The posting of signs on city property can be an injury to corporate rights or property. In the case before us the magistrate found that the posters constituted a safety hazard to telephone linemen required to climb the poles. It seems clear enough that under these facts appellee municipal corporation did have the power to commence the action. Not mentioned in the briefs of either party is the fact that at the time the action arose appellee was a home rule city and therefore clothed with considerably broader powers than the usual municipal corporation in Alaska. Since this point has not been treated as an issue, we shall not attempt to define the extent of the power of a home rule city to maintain actions at law.[3]

■ The parties have devoted a considerable portion of their briefs to a discussion of whether recovery by the appellee can be supported on the theory of contract or on waiver of the trespass and as a suit in assumpsit.

Our rules of Civil Procedure provide that there shall be only one form of action, known as a civil action,[4] and that all of the rules shall be construed to secure the just, speedy and inexpensive determination of every action.[5] This court has heretofore held that a party should be granted the relief to which he is entitled under the evidence, regardless of the theory of his pleadings.[6]

Here the evidence supported the magistrate's finding that appellant had committed a trespass and that appellee was entitled to reimbursement for the cost of restoring the property to its original state.[7] Appellee was entitled to the relief granted regardless of the theory upon which its claim for relief was based.

■ There is no merit to appellant's argument that since violation of the ordinance was punishable as a misdemeanor, appellee was restricted to the commencement of a criminal action. The violation was a breach of the peace and dignity of the appellee city. Under the ordinance appellee was empowered to prosecute appellant for the commission of a misdemeanor, but it was not obligated to do so. Appellant's act was also a trespass. Therefore appellee had the legal right to prosecute a civil action for damages resulting from the trespass.[8] The latter right does not spring from the ordinance in question. It

2. Section 56-2-1 A.C.L.A.1949 in effect when this action arose, stated in pertinent part:

"An action may be maintained by any incorporated town * * * in either of the following cases: * * *

"Fourth. To recover damages for an injury to the corporate rights or property of such public corporation."

3. See, ALASKA CONST. art. X, secs. 1, 9 and 11 (1959); Anchorage, Alaska, Municipal Charter, sec. 1.4 (1959).

4. Civ.R. 2.

5. Civ.R. 1.

6. Mitchell v. Land, 355 P.2d 682, 687 (Alaska 1960).

7. Fort v. Brighton Ditch Co., 79 Colo. 462, 246 P. 786, 787 (1926).

8. Williams v. Dickenson, 28 Fla. 90, 9 So. 847, 849 (1891); Austin v. Carswell, 67 Hun. 579, 22 N.Y.S. 478 (Sup.Ct.1893).

is the common law right of every individual which had been extended to appellee municipal corporation by statute in Alaska.[9]

█ Appellant's last contention is that the City of Anchorage ordinance [10] is unconstitutional in that its enforcement violates his right to freedom of speech and of press as guaranteed under the First and Fourteenth Amendments to the United States Constitution.

It is true that the ordinance prohibits the type trespass committed by appellant. Its enforcement would prevent appellant from attaching his political posters to any city property. To that extent appellant's right to freedom of speech and of press would be restricted. On the other hand, the United States Supreme Court has specifically recognized the right of a city to forbid trespasses in similar cases. In Schneider v. State [11] the court pointed out that a city cannot require all who wish to disseminate ideas to present them to municipal authorities who have the discretion to approve or disapprove dissemination, but may prohibit trespasses and otherwise reasonably regulate many of the common methods of exercising the right of freedom of press and speech such as distributing handbills, leaflets and canvassing.

The judgment below is affirmed.

DIMOND, J., concurs.

AREND, Justice (dissenting).

I cannot agree with the opinion of the majority for two principal reasons. In the first place, I feel strongly that neither this court nor the superior court has jurisdiction to hear an appeal from the district magistrate court in a civil action in which the sum in controversy is less than $50, as it was in this case.

Article IV, section 1, of the state constitution declares that "[t]he jurisdiction of courts shall be prescribed by law." To execute this provision of the constitution, the legislature in 1959 provided, *inter alia,* and in the order following: (1) that appeals to the supreme court shall be a matter of right; [1] (2) that the superior court has jurisdiction in all matters appealed to it from a subordinate court or an administrative agency *when appeal is provided by law,* such appeals being a matter of right; [2] and (3) that either party may appeal a judgment of the district magistrate in a civil action to the superior court when the sum in controversy is not less than $50 exclusive of costs.[3]

I believe that these provisions of the constitution and the statutes make sense only if they are considered together and in the order of their appearance. So considered, they lead me to conclude that an appeal from a judgment of the district magistrate court is a matter of right only if the sum in controversy is not less than $50 exclusive of costs.[4]

The fact that a constitutional question—freedom of speech and the press—was raised by the appellant did not give the reviewing courts jurisdiction to hear the appeal in the absence of an express constitutional or statutory exception to the monetary limitation fixed by our statute on appeals from the magistrate court.[5] By this I do not mean to imply that the city's action was not an abridgement of the appellant's constitutional rights.

9. Sec. 56-2-1 A.C.L.A.1949. See, ALASKA CONST. art. X, secs. 1, 9 and 11 (1959), Anchorage, Alaska, Municipal Charter, sec. 1.4 (1957).

10. Anchorage, Alaska, Code of Ordinances, sec. 3-1(c) (1957).

11. 308 U.S. 147, 164, 60 S.Ct. 146, 84 L. Ed. 155, 166 (1939).

1. SLA 1959, ch. 50, sec. 1 [AS 22.05.010].

2. SLA 1959, ch. 50, sec. 17(1), (2) [AS 22.10.020(a)].

3. SLA 1959, ch. 184, sec. 20(1) [AS 22.15.240(a)].

4. See Decker v. Williams, 73 F. 308 (D. Alaska 1896).

5. See Colliery Engineer Co. v. American Car & Foundry Co., 157 Ind. 111, 60 N.E. 941 (1901); Thomas v. Chicago, B. & Q.

While the appellee has not challenged the jurisdiction of the reviewing courts to hear the appeal from the magistrate court, I reiterate what I said in my dissenting opinion in Turkington v. City of Kachemak,[6] that the issue of jurisdiction is one of which the courts must take cognizance on their own motion as a self limitation.[7]

The second reason for my disagreement with the opinion of the majority is this: Even if there had been jurisdiction in the reviewing courts to hear this appeal, the district magistrate court erred in granting relief on its own theory that the appellant had committed a trespass on the city's telephone poles, which entitled the city to reimbursement for restoring the poles to their original status.

The city waived whatever right it may have had to sue in trespass and issue was joined in assumpsit and thereafter expressly tried on that issue alone. Through all stages of the proceedings, including the two appeals, the city never wavered from its position that it was entitled to recover on the theory of implied contract, and that was the only theory against which the appellant was ever called upon to defend.

I recognize that Civ.R. 15(b) provides in part as follows:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. * * *"

But nowhere in the record of this case have I been able to find any indication that the parties expressly or impliedly consented that the action should be tried on the theory of trespass. In fact, the city in its brief insists that the only question presented on this appeal is whether an Alaskan municipal corporation can avail itself of the common law rule which permits a plaintiff to waive a tort action for trespass and bring an action in assumpsit to recover actual damages.

I conclude that, if the issue were properly before this court, it should hold that the district magistrate erred in changing the theory of the case of his own accord when it came time for him to render his decision and that the superior court committed reversible error in affirming the magistrate court's award of damages for a tort committed against the city.

R. Co., 127 Kan. 326, 273 P. 451, 453, 64 A.L.R. 322 (1929); Broadwell v. Commonwealth, 98 Ky. 15, 32 S.W. 141 (1895); Miller v. Bopp, 136 La. 788, 67 So. 831 (1915); Baer v. Gore, 79 W.Va. 50, 90 S.E. 530, 531, L.R.A.1917B, 723 (1916).

6. Opinion No. 141, 380 P.2d 593, 597 (1963).

7. Under a federal statute (28 U.S.C.A. § 41(1)) denying jurisdiction to district courts where the matter in controversy did not exceed the sum or value of $3,000, the United States Supreme Court raised the jurisdictional question on its own motion, found that the jurisdictional amount had not been established as to a number of the plaintiffs, and reversed the case as to them with instructions to the district court to dismiss the case as to such plaintiffs for want of jurisdiction. Clark v. Paul Gray, Inc., 306 U.S. 583, 588–590, 59 S.Ct. 744, 83 L.Ed. 1001, 1007–1008 (1939).