## Weddington, &c. *vs.* Sam. Sloan (of Color.)    HABEAS CORPUS.

APPEAL FROM THE DECISION OF THE CIRCUIT JUDGE OF PIKE    Case 21.
COUNTY ON A WRIT OF HABEAS CORPUS.

1. The jurisdiction of this court extends only to revising the final orders and judgments of inferior *courts*—not to the orders and judgments which judicial officers are authorized to make out of court. The decisions upon writs of *habeas corpus* are not required to take place in court, and cannot be appealed from.

2. The consent of parties that a writ of *habeas corpus* issued by a county judge shall be returned before a circuit judge in court and there decided, will *not give* to the decision of the judge such a character as will authorize an appeal from the decision to this court.

3. The writ of *habeas corpus* is not an appropriate proceeding to try the right to freedom. Though the judge may release from custody, the right to freedom will not be established, nor the record *prima facie* evidence of right to freedom. The judge in such cases should make such orders as will secure the party claiming freedom an opportunity of having his right fairly determined.

In September, 1846, James Sloan made a writing   Case stated.
stating the terms on which his slave Sam should be
free. In 1847 he died, having made a will and appointing executors, who not qualifying, his estate was
committed to the sheriff. James Sloan devised certain
slaves to his wife. Sam was not named in the will;
but if he passed it was under the general devise to
the heirs of the testator. In 1849 Sam produced to
the County Court the writing given to him by his
master, proved it, had it recorded, and a certificate of
freedom issued, without any notice to the heirs or
devisees of James Sloan. Subsequently some of the
heirs of James Sloan, and others claiming under purchase from other heirs, took Sam into their custody,
claiming him to be their slave. In 1853 Sam presented his petition to the county judge, claiming
freedom under the paper given him by his former
master, James Sloan, and praying a writ of *habeas
corpus*, and his restoration to liberty. The writ was
served, and by consent of parties the case was heard
in the Pike Circuit Court, and under the writ the

WEDDINGTON &c
vs.
SAM. SLOAN (OF
COLOR.)

judge decided that Sam was free, and set him at liberty. From that decision of the judge, Weddington and others, claiming property in Sam, have appealed to this court.

*James Harlan,* for appellants—

1. The first question is that of jurisdiction. Has this court the power to revise the decision of the circuit judge? This suit commenced as a *habeas corpus* issued by the county judge, but it was returned before the circuit judge in term time, and the whole proceeding was tried as a case in court, and not before the circuit judge at his chambers. The question at issue was the right of Sam to his freedom, and was decided against the appellants. A final judgment order was made by the court, and this court has jurisdiction to revise it by the 15th section of the Civil Code. The exceptions in the 16th section do not embrace this case.

It is not material, according to a liberal construction of the Code, as to the form of the pleadings of the parties by which they present a question for adjudication. The only inquiry is whether it was presented and decided, and whether the judgment or order is final, and affects the rights of the complaining party. In this case the question was decided that Sam was a freeman, and appellants had no right to his services. If this court should refuse to entertain jurisdiction of the case, the appellants are deprived of their rights, if any they have. If the court entertains doubt on the question, that doubt should result in favor of the appellants, in order that the question at issue may be finally decided.

2. Sam was once the property of James Sloan, and the will made does not emancipate him. But Sam relies upon a written executory contract made with his former master, to the purport that upon the payment by Sam of $305 to his former master he covenanted to "liberate and free him." After the death of James Sloan his widow undertook to execute a

deed of emancipation, which the County Court ad-
mitted to record. It is needless to argue to this court that Mrs. Sloan had no power to do so, and Sam continued to be a slave.

It only remains to inquire whether Sam acquired any right to freedom under the executory contract made with his master. The cases in this court are numerous, settling the question that an executory contract between master and slave confers no right upon the slave which can be enforced in a court of justice. A slave is incapable of contracting, and no right can accrue to either party under such contract. (*Cooke vs. Cooke*, 3 *Litt.* 239; *Henry vs. Nunn's heirs*, 11 *B. Monroe*, 242.) The evidence shows no right to freedom for Sam.

*W. H. Burns*, on the same side—

1. The decision of the court upon the *habeas corpus* deprives the appellants of the possession of Sam, and gives costs against the appellees, and would be, in another contest, on that point, *prima facie*, if not conclusive, against the right of appellants to hold Sam in servitude. This view is strongly intimated by this court in the case of *Maria vs. Kirby*, 12 *B. Monroe*, 542.

In the courts of states not tolerating slavery, the writ of *habeas corpus* is a common remedy to try the right to freedom. Why should it not be in this state? The presumption arising from color is sufficiently repelled by the affidavit that he is free, and form the ground of an issue on that point, though it may be very much doubted whether it be policy to allow such a remedy to try right to freedom. But the Circuit Court did take jurisdiction, decided the case, and set the claimant at liberty. Shall not this court take jurisdiction and correct the error? We think the judgment of the court below is such a final order as requires that this court take jurisdiction according to the Code.

WEDDINGTON &C
*vs.*
SAM. SLOAN, (OF
COLOR.)

The question is then presented whether Sam be a free man or a slave. The writing is a conditional contract between master and servant, executory in its character, and void for want of parties able to contract, as well as void of consideration—the master being entitled as matter of right to all Sam's earnings. Besides it is against the policy of the law, and forbidden by statute that slaves be permitted to go at large and hire themselves. (*See Major vs. Winn's adm'r*, 13 *B. Monroe*, 250; *Hawkins vs. Hawkins*, &c. *Ib*. 248, and cases there referred to.)

But if the contract was valid, then we insist that the condition on which the freedom of Sam depended has not been complied with. (*See Dunlap vs. Archer*, 7 *Dana*, 30; *Johnson's adm'r vs. Johnson's heirs*, 8 *B. Monroe*, 470.) The money was never paid. The pretended payment to Mrs. Sloan, after she refused to qualify as executrix, was unauthorized. The proof does not show that he ever paid the money, but that he gave a note for it. The heirs or devisees never assented to this, and the condition of the contract was forfeited. We ask a reversal.

*H. Daniel*, for appellee—

We suppose this court has no jurisdiction of this case, and cannot revise the decision of the Circuit Court. Suppose the judge had decided the case in vacation, would this court have had any power to revise the decision? We think not; otherwise the writ would be rendered a nullity in this country. The proceeding is regulated by statute, and the statute gives no appeal, and we do not suppose the court can take jurisdiction by the rules of the common law.

The proceeding by *habeas corpus* is no bar to any other proceeding nor to any other action, as this court has decided in a collateral question. The writ in this case was issued by the county judge, and it got before the circuit judge in term time, though made returnable before the county judge. The record shows it to have been by consent. This cannot.

change the law, however, and the judge rendering the opinion in court by agreement would not change its condition. It stands but as an order of the judge made at chambers. It is not such an act of a court as may be appealed from. It does not settle the rights of the parties; is not final; though the appellee was set at liberty he may be recaptured. In England it may be different, as the proceeding was different. There the writ issued from the court of King's bench; was an act of the court of chancery, and returnable to the court of King's bench. But after the statute (31 *Charles II*,) one judge could issue it, and ultimately one judge could try it; but from his opinion no writ of error was ever prosecuted.

It is at this day in England and in this country the great writ of liberty and freedom, and cannot be suspended only in certain cases. If appeals may be prosecuted from decisions of the judge upon this writ, it would be of little value to the citizen. The beneficial effects of it would be lost to those who may be incarcerated against law and right. But if mistaken in this view of the case, then we insist that the return upon the writ is insufficient. The defendants say that yellow Sam is not a free man but a slave, the property of the heirs of James Sloan, and that Thacker and wife are a part of the heirs of said James Sloan, deceased, and that Weddington has purchased from a part of the heirs of James Sloan, deceased. He does not pretend that he gave any valuable consideration. Whether the heirs claim by descent or purchase is not stated. If they claim by descent, then the title did not vest in the heirs, but in the administrators, and we believe it to be the law that those who claim against freedom must show a clear title without fault. If the return does not show such title the judgment was right.

The deed of emancipation was conditional, to become absolute on the payment of $305; he paid James Sloan $167, and before the remainder was due James Sloan died, and appointed his wife execu-

trix.  She refused to qualify, but received the remainder of the $305.  Upon proof of the foregoing facts before the Pike County Court, Sam was ordered to give security that he would not become chargeable to any county in this state, which was done, and the clerk was ordered to give him the papers evidencing his freedom, which was done.  This deed being proved in court with the knowledge of the heirs of James Sloan, or some of them, the presumption is, that all of them knew of the deed of emancipation, and of its being placed on record by a judicial act of the court.  *It is final* and conclusive upon their claim to hold Sam in servitude, and no writ of error having been prosecuted, and the time to do so having elapsed, they are forever barred.

They took no steps to reclaim Sam for more than six years after the death of James Sloan.  This court will presume in favor of liberty, that the deed was recorded with the assent of the appellants, and they estopped from denying Sam's right to freedom.  Corroborative of this is that one of Sloan's heirs gave Sam in to the assessor as a free man; this is proved in the records.  The court are referred to the case of *Maria vs. Kirby,* 12 *B. Monroe,* 550.  We hope for an affirmance.

December 28.     Judge SIMPSON delivered the opinion of the Court—

On the petition of Sam Sloan, who represented himself to be a free man of color, the Judge of the Pike County Court issued a writ of *habeas corpus,* directed to Weddington and others, requiring them forthwith to bring said man before him at the court house in Pikeville, together with the cause of his detention.

Upon the return of the writ, the persons summoned to show cause why they detained the petitioner in custody appeared and asserted a right to do so, on the ground that he was a slave, belonging to the estate of James Sloan, deceased; part of them claimed

him as the heirs of Sloan, and the others as purchasers from some of the heirs.

The judge of the Circuit Court proceeded under the writ to try the question of the petitioner's right to freedom, and upon a full investigation of the merits of the question, decided that he was free, and ordered him to be discharged from custody. From that order the persons claiming him to be a slave prayed an appeal, and having brought the case into this court, its jurisdiction is objected to. This question of jurisdiction is the principal one in the case.

The jurisdiction of this court only extends to the final orders and judgments of inferior *courts*, and not to the orders or judgments which judicial officers are authorized to make out of court. The proceedings upon a writ of *habeas corpus* are not required by the statute to take place in court, but the officer who issues the writ may require it to be returned and may hear and determine the matter at any place he may designate. The order that he makes on such an occasion is merely the order of the judge or justice, and not an order of court; it cannot therefore be appealed from.

The writ of *habeas corpus* is intended to furnish a speedy and summary remedy for illegal confinement, and a suspension of the order of the judge who hears and determines the matter, by an appeal to this court, might in a great degree frustrate the whole object and design of the proceeding. Whether therefore we confine ourselves to the letter of the statute defining the appellate jurisdiction of this court, or by taking a more comprehensive view of the subject look to the consequences of the exercise of such a jurisdiction in a case of this kind, the conclusion must be, that this court has no jurisdiction, and that the Legislature did not intend that an appeal should lie in such a case.

But it is contended that although an appeal may not lie in an ordinary case from the order of a judge disposing of the matters that may arise on the return

1. The jurisdiction of this court extends only to revising the final orders and judgments of inferior *courts*—not to the orders and judgments which judicial officers are authorized to make out of court. The decisions upon writs of *habeas corpus* are not required to take place in court, and cannot be appealed from.

2. The consent of parties that a writ of *habeas corpus* is-

WEDDINGTON &C
*vs.*
SAM. SLOAN, (OF
COLOR.)

sued by a county
judge shall be
returned before
a circuit judge
in court and
there decided,
will not give to
the decision of
the judge such a
character as will
authorize an ap-
peal from the
decision to this
court.

of a writ of *habeas cerpus* before him, yet a different
principle should prevail in this case, inasmuch as it
appears from the record that it was actually heard
and decided in court. It is true that the writ, al-
though issued by the judge of the County Court, and
made returnable before him, seems to have been, by
consent of parties, brought before the circuit judge,
and the matters arising thereon to have been tried
by him. It also, according to the record, purports to
have been a proceeding in court. The whole mat-
ter however was tried by the judge without the in-
tervention of a jury, in the same manner he would
have tried it at his chambers. It was not an action
in court, but was in reality a trial by the judge of the
writ of *habeas corpus*, and nothing more. The form
it was made to assume did not essentially change
the nature of the proceeding, but it remained sub-
stantially the same that it would have been if it had
been carried on at any other place. As the law does
not require the writ to be returned or the matters
arising thereon to be tried in court, it cannot be ad-
mitted that the judge can, by selecting the mode of
trial, impart to the order that he may make a charac-
ter which will determine the *right of the parties to*
an appeal. But whether he makes the order in court
or out of court its legal effect is precisely the same.
An appeal will not lie from it in either case.

3. The writ
of *habeas corpus*
is not an appro-
priate proceed-
ing to try the
right to free-
dom. Though
the judge may
release from
custody, the
right to free-
dom will not be
established, nor
the record *prima
facie* evidence of
right to free-
dom. The judge
in such cases
should make

The writ of *habeas corpus* is not an appropriate
proceeding for the trial of the right to freedom. The
decision of the judge or justice, upon the return of
the writ, may operate to discharge a person held in
slavery from the custody of those who may have
him in possession, but it does not establish his right
to freedom; nor can the proceedings under the writ
be used even as *prima facie* testimony of the existence
of the right in an action brought to assert it. He
may be again taken into possession by the claimant,
and held as a slave, after he has been discharged,
and another officer, if he should again resort to a
similar writ, might conclude that he was rightfully

held in slavery and refuse to discharge him. This principle was substantially recognized in the case of *Maria vs. Kirby*, 12 *B. Monroe*, 550.

Upon the return of a writ of *habeas corpus*, if it should appear that the petitioner is held in slavery, and asserts a right to freedom, and there seems to be any reasonable grounds for the claim, the judge, instead of undertaking to investigate the question himself, should only make such an order as would enable the petitioner to bring an action and have an opportunity afforded him of establishing the right which he claims. The proceedings on a writ of *habeas corpus* may be *ex parte*, and carried on without the knowledge of the persons directly interested in the decision. Wherever therefore a question of freedom or slavery arises, its decision should be referred to the proper tribunal, upon an investigation conducted according to the forms of law, in an action instituted for that purpose.

We are therefore of opinion that this court has no appellate jurisdiction in the present case. Wherefore, the appeal is dismissed.