CASE 21—HABEAS CORPUS—September 24.

## Gill on Petition.

APPEAL FROM BRANDENBURG POLICE COURT.

No APPEAL LIES TO THIS COURT FROM THE DECISION OF THE JUDGE OF AN INFERIOR COURT UPON A WRIT OF HABEAS CORPUS. The jurisdiction of this court only extends to final orders and judgments of inferior courts as such, and not to such orders or judgments as judicial officers are authorized to make out of court, unless an appeal is expressly allowed by statute.

KENDALL & MOREMAN FOR APPELLANT.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The petition and admitted facts show that Zack Gill was, according to legal form and substance, incarcerated in the Meade county jail, without the right to give bail, to answer the charge of murder ; that the petitioner, or his next friend, applied to the Police Judge of Brandenburg (the circuit and county judges being absent from the county) for a writ of *habeas corpus* to take said Zack Gill from the custody of the jailer of Meade county and try him on a charge of insanity.

Gill on Petition.

Upon the admission being made in open court that Zack Gill was held by said jailer under a mittimus for the crime of murder, and that no bail was allowed him, the court refused to grant the writ.    The appellant has appealed direct to this court from that judgment.    The question is, has this court jurisdiction of the appeal?    It was settled by the case of Weddington, &c., v. Sloan, 15 B. M., 153, that this court had no jurisdiction of appeal from the decision of an inferior officer on a writ of *habeas corpus.*    The reason assigned was, that the jurisdiction of this court only extended to final orders and judgments of inferior courts as such, and not to such orders or judgments that judicial officers were authorized to make out of court, unless an appeal was expressly allowed from such action; that a judge or justice that acts on the writ does so not as a court, but as an official merely, at such time and place as he may designate; that his action in refusing the relief demanded is not final. Hence, this court had not jurisdiction of an appeal. The provisions of the present code of practice, in the particulars indicated, *supra*, are the same as those of the old code upon which the Weddington case was based.

The appeal is dismissed.