## Black v. Demaree, Jailer, etc.

(Decided May 1, 1925.)

### Appeal from Mercer Circuit Court.

Habeas Corpus—Order Denying Habeas Corpus Not Appealable. —Order denying habeas corpus for release from jailer's custody held not appealable, in absence of authorization by Criminal Code

of Practice, sections 399, 429, especially in view of section 429, allowing second application for same cause, showing that judgment on application is not final.

R. L. BLACK for appellant.

OPINION OF THE COURT BY JUDGE THOMAS—Dismissing the appeal.

Appellant, Roy Black, was incarcerated in the Mercer county jail, in which county the appellee, Demaree, is the jailer. To relieve himself from the jailer's custody he applied to the Hon. Chas. A. Hardin, judge of the Mercer circuit court, for a writ of *habeas corpus* upon the ground that the jailer was confining him in the jail illegally and without proper authority. The jailer answered and justified his custody of plaintiff, by relying on an order of the judge of the Mercer county court; but, plaintiff disputed the validity of that order. Upon final submission the learned circuit judge denied the writ and dismissed the application, from which judgment plaintiff prosecutes this appeal. A number of questions are argued by plaintiff's counsel, which, according to his contention, was error on the part of the circuit judge in denying the writ; but, because of our conclusions, hereinafter expressed, we do not have jurisdiction of the appeal and it will, therefore, be unnecessary to either refer to, discuss or determine any of plaintiff's alleged or supposed errors.

Chapter IV of our Criminal Code, which includes sections 399-429, both inclusive, makes provision for the application for the trial, the granting, etc., of such writs, and those provisions appear to be the only statutory ones in this Commonwealth concerning the practice; especially so as to the restraint of the applicant's liberty in connection with some criminal charge. The remedy of appeal is nowhere given in any of those provisions. On the contrary, the last section (429) expressly prescribes that a judgment rendered on an application for the writ will not bar a subsequent application for the *same* cause nor be given in evidence on the second or any subsequent trial; which shows that the judgment in such applications is not final, at least in so far as to become *res judicata.* Moreover, the application is not made to a court but only to certain designated judicial officers, who may hear and dispose of it in vacation, even

without the necessity of making a record of any proceedings at the hearing; and that is true although such hearing may be heard by the judge during a regular term of court. Broadwell v. Commonwealth, 98 Ky. 15. It was held in that case, as was also done in the case of Gill on Petition, 92 Ky. 118; Mann v. Russell, 22 Ky. L. R. 1340; Weddington v. Sloan, 15 Ben. Mon. 147; Prison Commissioners v. Crumbaugh, 161 Ky. 540, and McLaughlin v. Barr, 191 Ky. 346, that for the foregoing reasons no appeal may be prosecuted to this court from a judgment in an application for the writ under similar facts to those here involved. Those cases are in accord with the general rule, in the absence of some statutory provision to the contrary, as will be seen from the text in 29 C. J. 183, paragraph 211, and 12 R. C. L. 1256, paragraph 74. In the latter reference, in the following paragraph (75) it is said that the general rule as above stated denying the right of appeal does not prevail "in *habeas corpus* proceedings brought to determine the custody of a child. Such an action is said to partake of the nature of a private suit in which the public has no concern," and for that reason "the rights of the parties are determined as in a civil action," and because thereof the judgment is a final one. But, whether that exception prevails with us is not determined, since we have no such case presented by this record.

Not having jurisdiction of the appeal it follows that it should be and it is dismissed.