POSVAR v. MC PHERSON, Sheriff.*

(No. 1383; March 1, 1927; 253 Pac. 667.)

CONTEMPT—JURISDICTION OF JUSTICE OF PEACE—HABEAS CORPUS—
COSTS IN HABEAS CORPUS PROCEEDING.

1.  Comp. St. 1920, § 6581, *held* not to authorize justice of the
    peace to commit plaintiff in a replevin suit until he
    should disclose where replevied property was, which
    justice ordered redelivered to defendant.

2.  Where plaintiff, committed for contempt, was never im-
    prisoned, but was allowed to go at large for almost two
    years, without completing service, warrant of commitment
    *held* at an end and plaintiff entirely free.

3.  Where plaintiff, committed for contempt, did not bring
    error from denial of application for habeas corpus for
    over a year, during which time he was free from actual
    restraint, appeal costs will be taxed against him, though
    prevailing; district court costs being taxed against
    defendant sheriff for allowing plaintiff to remain free.

*See Headnotes:   (1) 13 CJ p. 14 n. 17; p. 29 n. 14.   (2)   16
CJ p. 1336 n. 90; 29 CJ p. 21 n. 58; p. 24 n. 95; p. 25 n. 99; p. 30
n. 16; p. 97 n. 20.   (3) 29 CJ p. 182 n. 87 New; p. 183 n. 17.

ERROR to District Court, Natrona County; BRYANT S.
CROMER, Judge.

Application by George W. K. Posvar for a writ of
habeas corpus against Alexander Mc Pherson, as Sheriff,
of Natrona County.  From an order denying the applica-
tion, petitioner brings error.

*George W. K. Posvar,* pro se.

The Justice of the Peace had no jurisdiction to commit
for contempt; no order of commitment was issued; the
proceedings were in defiance of the Federal and State
Constitutions; petitioner violated no law; the following
authorities apply:   93 U. S. 18; 23 L. Ed. 787; 2 Hale,
H. P. C. 144; Ex Parte Kearney, 7 Wheat. 38; Ex Parte
Wells, 18 How. 307; Ex Parte Rolland, 104 U. S. 805;

Re: Harrison, 110 S. W. 109; Ex Parte Meet, 157 Mo. 527; Ex Parte Lucas, (Mo.) 61 S. W. 218; Kingen v. Kelley, Sheriff, 3 Wyo. 566; Hovey v. Sheffner, Sheriff, 16 Wyo. 254. The fact that an appeal might be taken, in the principal action, will not prevent granting relief by habeas corpus; Ex Parte Farrell, 36 Mont. 254; Smith v. State, 38 N. W. 594.

POTTER, Justice.

This is a proceeding in error complaining of an order of the district court in Natrona County disallowing an application for a writ of habeas corpus presented to that court or the judge thereof by the plaintiff in error, appearing in his own proper person, for the purpose of securing his release from alleged imprisonment in the county jail under a warrant of commitment for contempt by a justice of the peace of that county. The contempt proceedings appear to have occurred during the pendency of a replevin action commenced by the plaintiff in error in the court of said justice of the peace; and the warrant of commitment recites the facts leading thereto and upon which any question respecting its legality would have to be determined.

It appears from said recital of facts that on February 19, 1925, the plaintiff caused said justice of the peace to issue a replevin writ for certain personal property and a summons duly commencing the action; the affidavit and undertaking required by law to obtain the writ having been duly filed; the property was delivered to the plaintiff, supposedly by the officer executing the writ. That on the next day, following a delivery of the property to the plaintiff, the defendant gave a redelivery bond, which was approved by the justice on that date; and the defendant also, at that time, excepted to the sufficiency of plaintiff's bond. It is then stated that plaintiff ''being advised of this, and ordered by the court to return the property * * * * to the defendant, and failing to do so,'' the

court cited him to appear on February 23 to show cause why he should not be adjudged in contempt. That on his said appearance at that time he was duly sworn and asked to state where the replevied property was, to which he replied that he did not know, and that he gave no answer stating the location of the property, but answered "in an insolent and contemptuous manner, tending to interrupt the proceedings and impair the respect due the court."

Then it appears further from the warrant that, having so refused to divulge the location of the property, he was adjudged in contempt and fined twenty dollars and sentenced to two days in the county jail, and was also adjudged in contempt as a result of his insolent behavior by his sarcastic and flippant answers and fined twenty dollars *for that* and sentenced to the jail for two days. It further appears therefrom that, under Section 6581, Wyo. Comp. Stat. 1920, for his failure to disclose the location of the replevied property, the writ commanded that the sheriff safely keep him "until he discloses where said property is, * * * * there to remain until he shall be discharged by due course of law."

The warrant was dated February 24, 1925 and addressed to the sheriff as keeper of the county jail, who endorsed a certificate thereon that he served the warrant by arresting the party named therein and had him confined in the jail. The habeas corpus writ seems to have been dated also on that date and the hearing appears to have been had on the next day (February 25). And it appears that it was heard in open court and disallowed on that date, and that the disallowance was upon the ground that the warrant was regular upon its face and appeared to have been issued by a court having jurisdiction of the subject matter of the action and the person of the plaintiff.

There can be no doubt that the justice of the peace had jurisdiction of the replevin action, but whether his

jurisdiction was complete in the contempt proceeding as to each of the stated causes for which the plaintiff was adjudged in contempt, need not be decided, for we find that the case can be disposed of upon other and satisfactory grounds. So far as the warrant commanded the retention of the prisoner until he should disclose where the replevied property was located as provided in Section 6581, Comp. Stat. 1920, it was without jurisdiction. For that section does not apply to a plaintiff in a replevin action before a justice of the peace. We shall not attempt a full discussion of the question, for we think it entirely clear upon even a casual reading of the provisions of the replevin chapter of the justices' code as originally enacted and as amended.

That section provides that when it shall be made to appear to the satisfaction of the justice by the affidavit of the plaintiff or otherwise, "that the defendant, or any other person, knowingly conceals the property sought to be recovered, or having control thereof, refuses to deliver the same to the officer, the justice may commit such defendant, or other persons, until he or they disclose where such property is, or deliver the same to the officer, unless such defendant shall give a bond or undertaking to the plaintiff as required by law." We think this clearly discloses upon its face that it refers only to a failure of the defendant or some person in *his* behalf, to make the disclosure; since the plaintiff will already have given a bond, and this plaintiff had given the bond provided for by law, which entitled him to have the property delivered to him by the officer unless, as provided in Section 6571, the defendant shall give a bond or undertaking to the plaintiff to the effect that the defendant will deliver the property to the plaintiff, if such delivery be adjudged, etc. And that section also provides that when such bond is given the property shall be retained by the defendant, but in all cases where such bond is not given the constable shall take and deliver the property to the plaintiff.

We need not consider the question which might possibly arise upon the facts here, whether, when the property has been once delivered to the plaintiff by the officer, the defendant having at first failed to give a bond pending the suit, it might thereafter be taken *from* the plaintiff by a later execution of a redelivery bond by the defendant. For, as above held, Section 6581 gives no authority to imprison the *plaintiff* for a failure to disclose the location of the property after he has received it from the officer executing the replevin writ.

But whether the court had or was without jurisdiction to command the retention of the plaintiff in custody until he should make such a disclosure is really immaterial, so far as the disposition of the case here is concerned, for the reason that he was not at any time so retained, and therefore can not complain of any want of jurisdiction in the justice in that respect. The facts shown by the record, including admissions in the brief of plaintiff in error as to the plaintiff's detention in the county jail, are, that from the time of the hearing on the morning of February 25 he was not again confined under said warrant, and there is nothing in this case to show that he has at any time since then been so confined either upon said warrant or otherwise. On the contrary, the facts are that, notwithstanding the court's denial of the writ, the plaintiff, at the invitation of the assistant prosecuting atorney, who represented the sheriff at the hearing, immediately thereafter walked out of the court with him. He says in the brief that the assistant prosecuting attorney had suggested to the court plaintiff's discharge. But whether or not any such suggestion was made the unquestionable fact is that plaintiff did go at large and was not returned to the county jail and did not further serve any part of either jail sentence named in the warrant. And neither the sheriff nor the court seems to have objected to that situation. Under the law as we understand it, having been voluntarily permitted to go at large as above stated

without completing the entire service, and having been gone all the time since then, now nearly two years, he could not be again legally taken under the commitment or compelled to serve any part, if any, of the remainder of the period of any such sentence named therein. 16 C. J. 1336, Sec. 3142; Ex parte Eley, 9 Okl. Cr. 76, 130 Pac. 821; Tuttle v. Lang, 100 Me. 123, 60 A. 892. And certainly not of that part imposed under Section 6581, for the additional reason that such sentence was beyond the jurisdiction of the justice; although it does not appear to have been of any actual detriment to the plaintiff, since he was not detained at all as commanded in that respect by the writ.

We are of the opinion, therefore, that the warrant of commitment is at an end; and that the defendant is not only not now being restrained by his arrest thereunder, nor liable to be so restrained or re-arrested under the said warrant, but that he is entirely free, and has been free since the hearing upon the habeas curpus writ and the denial thereof by the district court, and has for a long time since then been entirely free from the danger of any promise or threat of restraint thereunder. Hence there is no reason for the continuance of the habeas corpus proceding and an order will be entered in this court and directed to be entered in the court below, to the effect that the plaintiff be discharged as not under any present restraint and also as not subject to any further restraint of any kind under the said warrant of commitment.

The question has been occasionally suggested in this court whether or not an order disallowing a writ of habeas corpus is appealable. See Miskimmins v. Shaver, 8 Wyo. 392, 58 Pac. 411, 49 L. R. A. 831. But the question has not been raised or suggested in this case, and there is no brief or appearance here for the sheriff, the defendant in error; and the plaintiff in error, who is evidently not a lawyer, appears here, as in the district court, in his own proper person only. Without, therefore, opportunity for

capable discussion of the question of the appealability of such an order, we prefer to leave it undecided, but with the understanding that our assumption of appelate jurisdiction in this cause shall not be deemed a precedent necessarily to be followed except in precisely the same circumstancs. And that seems to us to be proper in disposing of this case, since the plaintiff is entitled to be discharged from any actual or supposed restraint under the said warrant of commitment, and this court might entertain original jurisdiction in habeas corpus if brought before us directly. Miskimmins v. Shaver, supra.

While an order will be entered as above stated, we think the costs in this court, the greater part of which has already been advanced by the plaintiff in error, should be taxed against him, principally for the reason that the proceedings in error were not brought for about a year after the hearing in the district court, during all of which interim he had been free from actual restraint. But the costs in the court below should, we think, be taxed against the defendant in error, who was defendant below, in view of the fact that nothwithstanding the order denying the writ, the plaintiff was allowed to go at large without further objection or restraint. And it will be so ordered.

Blume, Ch. J., and Kimball, J., concur.