# Proffer v. Stewart, County Judge, et al.

(Decided May 17, 1935.)

M. E. GILBERT for appellant.

BRADY M. STEWART for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Dismissing appeal.

A few years ago Rosa Proffer and her husband separated. The husband took their infant child, Kenneth Proffer, and turned him over to Arch Richards, who lived in Ballard county. The father has since disappeared and his whereabouts are unknown. The child remained with Arch Richards and wife until the month of February, 1934, when his mother, Rosa Proffer, appeared at the Richards home, took forcible possession of him, and carried him to McCracken county. In a subsequent proceeding before the county judge, Arch Richards was given the custody of the child, subject to the further orders of the court.

A few days later Mrs. Proffer applied to the judge of the McCracken circuit court for a writ of habeas corpus, which was denied. She appeals.

At the outset we are met by the contention that this

court is without jurisdiction to entertain the appeal. The point is well taken. The jurisdiction of this court extends only to the final orders and judgments of inferior courts, and not to the orders or judgments which judicial officers are authorized to make out of court. The proceedings upon a writ of habeas corpus are not required by the statute to take place in court, but the officer who issues the writ may require it to be returned and may hear and determine the matter at any place he may designate. The order that he makes on such an occasion is merely the order of a judge or justice, and not an order of court. Therefore, no appeal lies from an order granting or disallowing a writ of habeas corpus, and the rule applies to all cases where one is detained without lawful authority, including cases involving the legal custody of infant children. Weddington v. Sloan, 15 B. Mon. 147; In re Gill's Petition, 92 Ky. 118, 17 S. W. 166, 13 Ky. Law Rep. 351; Broadwell v. Commonwealth, 98 Ky. 15, 32 S. W. 141, 17 Ky. Law Rep. 564; Mann v. Russell, 60 S. W. 522, 22 Ky. Law Rep. 1340; Rallihan v. Gordon, 176 Ky. 471, 195 S. W. 783; Black v. Demaree, 208 Ky. 632, 271 S. W. 679; Department of Public Welfare v. Polsgrove, 245 Ky. 159, 53 S. W. (2d) 341.

Wherefore, the appeal is dismissed.