## EX PARTE BRUGNEAUX
## BRUGNEAUX v. DANKOWSKI, SHERIFF

(No. 1979; January 5, 1937; 63 Pac. (2d) 800)

For the appellant, the cause was submitted upon the brief of *W. A. Muir* and *George W. Bird,* both of Rock Springs, without oral argument.

For the respondent, there was a brief by *Ray E. Lee,* Attorney General; *Thos. F. Shea,* Deputy Attorney General; and *William C. Snow,* Assistant Attorney General, all of Cheyenne, and oral argument by *Mr. Shea.*

BLUME, Chief Justice.

This is an appeal from a judgment entered in a proceeding for a writ of habeas corpus. The petitioner for the writ, Vernon L. Brugneaux, was indicted by the grand jury of Dallas County, Iowa, of the crime of child desertion, in that he did on March 18, 1935, "without good cause, wilfully neglect or refuse to provide for Vernon John Brugneaux, he being the legally adopted child of said defendant under the age of sixteen years and in a destitute condition." Later, on October 15, 1935, the county attorney of Dallas County, Iowa, filed an information against the petitioner for the same crime, but alleging the date of the commission thereof to be June 20th, 1934. Upon requisition from the Governor of Iowa, the Governor of this state caused a warrant to be issued, on October 17, 1935, for the arrest of the petitioner. The petitioner was thereupon

arrested by the sheriff of Sweetwater County. In accordance with the Uniform Extradition Act, passed by the legislature of 1935 (Chapter 122, Sess. L. 1935) the prisoner was taken before the Honorable V. J. Tidball, Judge of the Second Judicial District, who, on October 19, 1935, granted the prisoner time until October 31st in which to apply for a writ of habeas corpus. On October 21, 1935, the prisoner filed his petition for that writ before the Honorable H. R. Christmas, Judge of the Third Judicial District of this state, who thereupon commanded the petitioner to be brought before him on October 24th, 1935. This was done, and a hearing on the writ was had before the court on that date. Judgment was entered in the cause by the court on October 24, 1935, dismissing the petition and remanding the petitioner to the custody of the sheriff. From that order the petitioner has appealed to this court.

A motion has been filed in this cause by the attorney general of this state for the dismissal of the appeal, on the ground that no appeal lies from the order entered herein by the trial court. The point has never been expressly decided by this court. The case of Miskimmins v. Shaver, 8 Wyo. 392, 58 Pac. 411, was an original proceeding for a writ of habeas corpus in this court. It was held that the court, under the constitution, has original jurisdiction in such case, and that under section 51-101 (Rev. St. Wyo. 1931) the purpose is manifest to preserve the right of repeated applications for a writ of habeas corpus. But the court found it unnecessary to pass upon the right of appeal from an order in such proceeding made by a trial court. The opinion of Mr. Justice Corn, however, contains a long discussion of the point involved in this case, making a long discussion here unnecessary. In Posvar v. McPherson, 36 Wyo. 159, 153 Pac. 667, the court reviewed a judgment of the trial court, but the point

whether an appeal lies was not raised, and we expressly reserved a decision on that point. There was no appeal or similar proceeding at common law from a judgment in a habeas corpus proceeding. Church, Habeas Corpus (2nd Ed.), Sec. 386. The Habeas Corpus act of this state was originally enacted substantially as it is today on December 2, 1869. It provided for successive applications for the writ, but did not provide for an appeal or review of any order of a district judge or court. The act was not a part of the law of civil procedure. It is now contained in Chapter 51 of the Revised Statutes of 1931, whereas the Code of Civil Procedure, is contained in Chapter 89 thereof. It is clear, then, that the legislature meant to keep the common law in force when the Habeas Corpus act was enacted in 1869, and that intention would seem to have been continued in force to the present time by keeping the act as a separate part of the law of the state, unless it is reasonably clear from other enactments that the Habeas Corpus act was intended to be modified, and the rule that no appeal lies from such proceedings was repealed. If such repeal took place, it was by implication, and such repeals are not favored. 59 C. J. 904. If it took place it was by Section 89-4801, Rev. St. 1931, which provides in part for a review of "an order affecting a substantial right, made in a special proceeding." It is not at all clear, however, that an order of a district judge or court, such as was entered in this case, affects a substantial right, when it is in no manner final, but the prisoner has the right subsequently to go before other judges and other courts of this state to secure his release.

The authorities are in hopeless conflict. Many of them, however, are readily distinguishable. In some of the states, as New York, Ohio, Minnesota, and other states, statutes expressly authorize an appeal from judgments in habeas corpus proceedings. In some

states the statute does not permit successive applications. These cases do not aid us. Church on Habeas Corpus (2nd Ed.), Sec. 386, states:

"At common law, no appeal or writ of error was allowed from a judgment refusing a writ of habeas corpus, or from an order refusing to discharge the prisoner. There was, in fact, no need for such an appeal or writ of error as a renewed application could be made to every other judge or court in the realm, and each court or judge was bound to consider the question of the prisoner's right to a discharge independently, and not to be influenced by the previous decisions refusing discharge. The doctrine of res judicata was not held applicable to such a judgment. In the federal courts of the United States the doctrine of res judicata does not apply to an order remanding the prisoner, and the prevailing doctrine in the state courts in the absence of statutory provision is, that a judgment remanding the prisoner on habeas corpus is not appealable or subject to review, and that the doctrine of res judicata has no application to such a case. The prisoner is entitled to the opinion of all the courts as to his freedom, and in his applications for the writ of habeas corpus may exhaust the entire judicial power of the state. Whether the decision on the writ is the simple order of a judge, or the determination of a court, the effect is the same. In neither case is there any such final judgment as will sustain an appeal or writ of error, because an order on habeas corpus affirming the legality of imprisonment, or remanding the prisoner, is not a bar to another application for the writ before another officer or court, even upon the same state of facts."

The cases giving the right of appeal and those denying it are collected in 29 C. J. 183-184. The majority of the courts allow an appeal in cases involving the custody of children. 29 C. J. 185. But the majority, in the absence of a statute, deny the right of appeal to the state in cases in which the prisoner is discharged on habeas corpus. 29 C. J. 184; 12 R. C. L. 1258; 5 A. L. R. 1156; 10 A. L. R. 385; 30 A. L. R. 1324; see 102

A. L. R. 382; and we think that, in the absence of an express statute, the majority of the courts also deny the right of appeal in cases in which the petition for habeas corpus has been dismissed. 29 C. J. 184; and see also: In Re Simonson, 54 N. D. 164, 209 N. W. 211; State ex rel. v. District Court, 64 N. D. 399, 253 N. W. 744; Thomas v. State, 215 Ala. 1, 109 So. 607; Heisler v. State, 21 Ala. App. 416, 109 So. 124; Proffer v. Stewart, 259 Ky. 445, 82 S. W. (2d) 468; France et al. v. Superior Court, 201 Cal. 122, 255 Pac. 815; 52 A. L. R. 869. In the last cited case, the court stated:

"In this state the power to issue the writ of habeas corpus is conferred by the Constitution upon the Supreme Court and each of the Justices thereof, the District Courts of Appeal and each of the justices thereof, and the superior court and 'generally speaking as far as the power to issue the writ is concerned the Supreme Court, the District Courts of Appeal, and the superior courts are upon the same plane.' 13 Cal. Jur. 257; Matter of Zany, 164 Cal. 724, 130 P. 710; Matter of Hughes, 159 Cal. 360, 113 P. 684. By this is meant, however, as we understand these decisions, 'that the decision of any court in a habeas corpus proceeding, provided the court has jurisdiction, cannot be reviewed by any other court in any way.' Matter of Zany, supra, page 726, 130 P. 710. The same principle is enunciated in the Hughes Case, supra, although stated in slightly different language."

We think that we should give our adherence to that rule. The writ of Habeas Corpus is a high prerogative common law writ designed for the purpose of giving a speedy remedy to one who is unlawfully detained. 12 R. C. L. 1179. The very purpose of the writ will be thwarted if an appeal or proceeding in error were allowed, under the laws relating thereto. This was well pointed out in the case of Notestine v. Rogers, 18 N. M. 462, 138 Pac. 207. A petitioner in error may delay in bringing his proceeding in error for the period of six months. A record on appeal need not be filed until 70

days after the entry of the judgment. Then further delays occur. The right of a prisoner to be liberated cannot, accordingly, speedily be determined under such proceedings. The crime charged in the case at bar is comparatively unimportant, and judging from the evidence in the record, it is not improbable that justice would not be thwarted by delay. But that is not the criterion for the adoption of a rule. We must take into consideration that prisoners may be charged with murder, with kidnapping and other heinous crimes. While the writ of habeas corpus is designed to secure the liberty of one unlawfully detained, it was never intended to protect persons guilty of crime, let alone a heinous crime, nor is it intended to give refuge to criminals in one state who have fled from another, and by the delay give opportunity for the disappearance of evidence by one method or another to prove the crime. There are a number of cases which hold that under the superintending power of an appellate court, proceedings in habeas corpus may be reviewed by certiorari or other extraordinary power granted to such court by the constitution. Martin v. District Court, 37 Colo. 110, 86 Pac. 82; 119 A. S. R. 262; State ex rel. v. District Court, 64 N. D. 399, 253 N. W. 744; People v. Superior Court, 234 Ill. 186; People v. Shurtleff, 355 Ill. 210. But the subjects of inquiry in such proceedings are limited, are ordinarily confined to jurisdictional questions, and the time given therefor is ordinarily brief, or may be made so. We do not have that question before us. The prayer for review in the case. at bar is not of that character.

From what we have said, it follows that the motion to dismiss the appeal must be granted, and it is so ordered.

*Dismissed.*

RINER and KIMBALL, JJ., concur.