No. 34,370

In the Matter of the Application of JOSEPH PETTY, Alias JOE PETTY, for a Writ of Habeas Corpus, Petitioner, *Appellant*, v. T. C. MORROW, Sheriff of Leavenworth County, and THOMAS W. COONEY, Agent of the State of Illinois, *Appellees*.

(89 P. 2d 835)

Opinion filed May 6, 1939.

*William D. Reilly,* of Leavenworth, for the appellant.

*E. V. Bruce,* assistant attorney general, and *Walter Biddle,* county attorney, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action wherein petitioner sought a writ of habeas corpus. Judgment was entered denying the writ. Petitioner appeals. The respondent has asked that the appeal be dismissed.

Petitioner filed his petition for a writ in which he alleged that he was unlawfully deprived of his liberty and confined in the jail of Leavenworth county, by the sheriff of that county and an agent of the state of Illinois, on the ground that he was a fugitive from justice or on some ground unknown to petitioner, but that on whatever ground he was being held was illegal, and he was entitled to release. The petition contained the usual prayer in such actions. The sheriff made a return that he was holding petitioner by virtue of a gover-

nor's warrant. A copy of this warrant was attached. This warrant was directed to any sheriff of the state and recited that the governor of Illinois had made a demand on the governor of Kansas for the arrest of petitioner, a fugitive from justice. The return then alleged all the proceedings in Illinois, whereby it appeared that he was a parole violator and was a fugitive from justice of that state, and that the papers were certified by the governor of Illinois as authentic and a copy of them was on file in the office of the governor of Kansas. The warrant directed the sheriff to apprehend petitioner and deliver him to the agent of the state of Illinois.

The district court of Leavenworth county commanded the sheriff of that county and the agent of the governor of Illinois to bring the petitioner before the judge thereof on February 29, 1939. A hearing was had on the petition and the writ was denied. Hence this appeal.

No abstract or brief was filed, so we are compelled to rely on the files in the action, and the statements of counsel at the oral argument. Besides what has been already detailed here, it appears that petitioner had been confined in the federal penitentiary at Leavenworth, and when the term for which he had been confined there was about to expire the authorities of Illinois began proceedings to return him to that state to serve out a sentence from which he had been on parole at the time he committed the offense for which he had been sentenced to the federal penitentiary. We have no way of knowing what evidence was offered at the hearing before the district court of Leavenworth county, but counsel for petitioner was frank enough to advise us at the oral argument that he knew of no legal ground why the writ should not have been denied. On the strength of this statement the appeal to this court was dismissed shortly after the oral argument on the ground that it was without merit. Ordinarily this action would have disposed of the case, but at the outset of the proceedings in this court a question was raised about whether there was a right of appeal to this court in petitions for a writ of habeas corpus, where the petitioner is being held under extradition proceedings, hence we have decided to settle that question for the future.

The question arises on account of the provisions of G. S. 1937 Supp. 62-727 to 62-757, inclusive. That is what is known as the uniform criminal extradition act. An act in substantially the same terms has been adopted by several states. The act contains many provisions covering the extradition of fugitives from justice from one

state to another. The sections with which we are concerned are G. S. 1937 Supp. 62-736 and 62-737. Those two sections read as follows:

"No person arrested upon such warrant shall be delivered over to the agent whom the executive authority demanding him shall have appointed to receive him unless he shall first be taken forthwith before a judge of a court of record in this state, who shall inform him of the demand made for his surrender and of the crime with which he is charged, and that he has the right to demand and procure legal counsel; and if the prisoner or his counsel shall state that he or they desire to test the legality of his arrest, the judge of such court of record shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus. When such writ is applied for, notice thereof, and of the time and place of hearing thereon, shall be given to the prosecuting officer of the county in which the arrest is made and in which the accused is in custody, and to the said agent of the demanding state.

"Any officer who shall deliver to the agent for extradition of the demanding state a person in his custody over the governor's warrant, in willful disobedience to the last section, shall be guilty of a misdemeanor and, on conviction, shall be fined not more than $1,000 or be imprisoned not more than six months, or both."

Counsel for the agent, including the attorney general of this state, argue that under the provisions of the above sections once a court had denied a writ of habeas corpus there is no appeal from that judgment.

After being advised by the court of his rights, if the prisoner or his counsel states that he desires to test the legality of his arrest, the court shall fix a reasonable time for the prisoner to apply for a writ of habeas corpus. This writ is intended only for the purpose of raising questions which go directly to the legality of the arrest. The time necessary to apply for the writ may vary in different cases, depending on the necessity of getting copies of records from a distance, or other reasons. The statute might very well have provided that the application for the writ should be made to the supreme court, or some justice thereof, but it did not do so.

It is well settled that habeas corpus is a special proceeding. (See *Gleason v. Comm'rs of McPherson Co.*, 30 Kan. 53; also, *In re Jewett*, 69 Kan. 830, 77 Pac. 567.) G. S. 1935, 60-3303, deals with what orders are appealable. Among the provisions of that section is the following: "A final order which may be vacated, modified or reversed . . . is an order . . . affecting a substantial right made in a special proceeding . . ."

There can be no doubt that an order denying a writ of habeas corpus is an order affecting a substantial right.

We find no provision in this or any other statute changing the law as it applies to applications for a writ of habeas corpus. The writ for which the fugitive may apply is the same one that the Anglo Saxons have fought for through the centuries. Our court has dealt with it from the beginning. We know the taking of the fugitive before the court of record does not take the place of an application for a writ, because the statute does not provide for such an application unless the fugitive decides to bring one after being informed of his rights, and the statute then provides for notice to the prosecuting officer of the county where the arrest was made and to the agent of the demanding state of the time and place of hearing. No provision appears in the statute that the fugitive cannot bring his petition for a writ in any tribunal having jurisdiction in such matters. This action may be brought directly in this court (Const. art. 3, sec. 3), or in any probate court (art. 3, sec. 8), or in any court of record (G. S. 1935, 60-2204).

The case of *In re Petitt*, 84 Kan. 637, 114 Pac. 1071, was a habeas corpus proceeding involving the custody of a minor. It was contended there that because the probate court, the district court, and the supreme court all had original jurisdiction in habeas corpus that each court was of equal rank and the order of the probate court was just as effectual and binding as those of the higher courts. This court did not agree with this argument, and said:

"The supreme court stands at the head of our judicial system, with the highest appellate jurisdiction, and, besides, it is vested with original jurisdiction in quo warranto, mandamus and habeas corpus. While the constitution does not in specific terms provide that the supreme court shall have supervisory power over inferior courts, it undoubtedly has such superintending control as may be, and generally is, exercised through the original writs which the constitution authorizes it to issue. The action of inferior courts has frequently been supervised and controlled by the supreme court through these prerogative writs." (p. 640.)

To the same effect is *Miller v. Gordon*, 93 Kan. 382, 144 Pac. 274.

We find no provision in the statute under consideration changing the rule with reference to the right to appeal where the fugitive sees fit under the provisions of the G. S. 1937 Supp. 62-736, to apply for a writ of habeas corpus. We hold that the petitioner in such a case has a right to appeal from a judgment of the district court to this court. Much has been said about the delay this ruling might cause the agents from other states. The statute we are considering expressly provides that the fugitives shall be given a reasonable

time within which to apply for a writ. Considering the practice of this court with reference to hearing and deciding emergency matters, no reason appears why, if the parties ask it, such a case should be pending any longer in this court than would be a reasonable time within which the case might be prepared. Surely no one would argue that even the case of a fugitive should be handled with unreasonable speed.

The appeal is dismissed for lack of merit.

DAWSON, C. J. (dissenting in part): I concur in the judgment dismissing the appeal. I dissent from the rule of law stated in the syllabus. The declared purpose of the statute under which this proceeding was instituted, tried and decided in the district court (Laws 1937, ch. 273, G. S. 1937 Supp. 62-727 *et seq.*) is avowed in its title, "An act to make uniform the procedure of interstate extradition," etc. While it provides for a summary hearing on a writ of habeas corpus "before a judge of a court of record," this new statute which deals exclusively with interstate rendition of criminals is complete in itself; and there is no excuse for reading into it the provisions of the civil code which relate to appeals in miscellaneous habeas corpus proceedings. The fact that this court has original jurisdiction in habeas corpus is an argument against the implied right of appeal in this special sort of proceeding, not in favor of it.

The constitution of the United States (art. 4, sec. 2) and the federal statute enacted pursuant thereto (R. S. 5278, 18 U. S. C. A. sec. 662) certainly never contemplated that the interstate apprehension and surrender of fugitives from justice should be cluttered up with these interminable delays which so often attend the rendition of fugitives to the state which wants to bring them to justice. (*In re Faler*, 144 Kan. 348, 58 P. 2d 1119.) If the simple, sufficient and complete procedure for the surrender of fugitives prescribed by this statute is to be supplemented by adding the ordinary provisions of appellate procedure thereto, any legislative hope that the statute would expedite interstate extradition proceedings will be completely frustrated, and it would have been better for everybody concerned in bringing criminals to justice if the statute had never been enacted. On this important and timely subject see the instructive case of *Brugneaux v. Dankowski*, 51 Wyo. 103, 63 P. 2d 800.