## Gardner v. Allen.

October 11, 1949.

Benjamin Mazin for appellant.

Robèrt Hagan and Hagan & Hagan for appellee.

JUDGE CAMMACK—Reversing.

James Edward Allen instituted this habeas corpus proceeding in the Criminal Division of the Jefferson Circuit Court to gain custody of his 8 year old daughter. The child's stepfather, who had instituted adoption proceedings in the Juvenile Court following the death of the child's mother, was made the defendant in the action. The appeal is from a judgment granting custody to Allen.

Among the grounds urged for reversal is the contention that the Judge of the Criminal Division of the Jefferson Circuit Court has no jurisdiction to hear a habeas corpus proceeding involving the custody of a child. Since we think this contention is well grounded, we shall confine our consideration of the case thereto.

Section 137 of our Constitution relates to circuit courts in a county having a population of 150,000 or more. Jefferson is the only county to which this section now applies. The last sentence of Section 137 provides: "Criminal causes shall be under the exclusive jurisdiction of some one branch of said court, and all other litigation in said district, of which the Circuit Court may have jurisdiction, shall be distributed as equally as may be between the other branches thereof, in accordance with the rules of the court made in general term or as may be prescribed by law."

Chapter 4, Title X, of the Criminal Code of Practice deals with habeas corpus proceedings. Section 399 of the Criminal Code provides that the writ may be issued

by any judge of a circuit, criminal, chancery or common pleas court.

If the proceeding is a criminal one, the Judge of the Criminal Division of the Jefferson Circuit Court had jurisdiction to hear it. On the other hand, if it is a civil proceeding, it would have been necessary under Section 137 of the Constitution for it to have been heard by a judge of a division other than the Criminal Division of the Jefferson Circuit Court.

In recent cases we have pointed out that a habeas corpus proceeding involving the custody of minor children partakes of the nature of a suit in equity and is considered to be one in rem, the child or children being the res. We have said also the inquiry in such actions extends far beyond the issues that were originally involved in habeas corpus proceedings. See Shippen v. Bailey, 303 Ky. 10, 196 S. W. 2d 425; Spurlock v. Dolan, 303 Ky. 763, 199 S. W. 2d 441; Lowery v. Fayette County Children's Bureau et al., 306 Ky. 817, 209 S. W. 2d 487.

It follows, therefore, that the Judge of the Criminal Division of the Jefferson Circuit Court was without jurisdiction to hear the writ in the case at bar. Wherefore, the judgment is reversed, with directions to set it aside and for the entry of a judgment in conformity with this opinion.