## GIBSON v. BAX, Sheriff and Jailer.

Court of Appeals of Kentucky.

Aug. 27, 1951.

Wilson K. Beatty, Louisville, for appellant.

Joseph M. Hayse, Louisville, Donald R. Pierce, Nellie S. Hayse, Louisville, amici curiae.

WADDILL, Commissioner.

This opinion is rendered pursuant to an order of this Court of August 20, 1951, affirming the judgment of the Jefferson Circuit Court.

Kenneth Bernal Gibson is in jail for contempt of court. The contempt order, which divests him of his liberty, was issued for civil contempt. Roper v. Roper, 242 Ky. 658, 47 S.W.2d 517; Sebastian v. Rose, 135 Ky. 197, 122 S.W. 120. His release was denied by this Court as an "insolvent debtor" in the case of Gibson v. Stiles, Ky., 240 S.W.2d 609. His incarceration was ordered by a Judge of the Chancery Branch of the Jefferson Circuit Court, following a hearing on a rule issued against him for disobedience of an order of that court directing him to pay alimony.

In an effort to escape further punishment he has instituted this habeas corpus proceeding in the Criminal Division of the Jefferson Circuit Court. The court dismissed his petition upon the ground that the Criminal Branch of the Jefferson Circuit Court has no jurisdiction to hear the writ.

A separation of the jurisdiction of the criminal and civil courts in counties having a population of a hundred fifty-thousand or more is expressly provided for in Section 137 of our Constitution. Jeffer-

son is the only county to which this section now applies. In Gardner v. Allen, 311 Ky. 147, 223 S.W.2d 723, we held that the Criminal Branch of the Jefferson Circuit Court had jurisdiction to hear a writ of habeas corpus in a criminal proceeding; however, in a civil proceeding, it was necessary under Section 137 of our Constitution, for the writ to be heard by a judge of some branch other than the Criminal Division of that Court.

■ It follows, therefore, that the court's dismissal of the writ for lack of jurisdiction was proper. In Gibson v. Stiles, cited above, appropriate procedure was indicated for appellant to follow in the event he felt aggrieved by Judge Speckman's order.

Judgment affirmed.