**Paul BRAGG, an Infant 14 Years of Age,
Appellant,**

v.

**Wm. J. KNAUF, Kenton County Jailer,
Appellee.**

Court of Appeals of Kentucky.

Feb. 25, 1955.

Stuard Wegner, Covington, for appellant.

Charles Dunn and James R. McGarry, Covington, for appellee.

STANLEY, Commissioner.

This habeas corpus case is before us on a motion to set aside an order which dismissed the appeal for want of jurisdiction because it was filed too late. The judgment denying habeas corpus was entered December 14, 1954, and the record was filed in this court on December 24. Counting both days, the appeal was filed eleven days and not "within ten days" after entry of judgment, as provided in Sec. 429–1 of the Criminal Code of Practice. The appellant, Paul Bragg, sought release from custody of the jailer of Kenton County where he was detained (temporarily, we assume) as an escapee from an institution for juvenile delinquents.

The appellant contends that this is a civil proceeding and the time is to be computed according to Rule 6.01, Kentucky Rules of Civil Procedure. That Rule is as follows:

"In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a holiday. When the period of time prescribed or allowed is less than seven days, intermediate Sundays or holidays shall be excluded in the computation."

For many years it was the consistent rule in this jurisdiction for computing time that where time was to be from an act or event, the day on which it was done or occurred was included. See KRS 446.030. Accordingly, where an appeal was required to be filed within a certain number of days, both the day the judgment was rendered and the day on which the appeal was filed were included. This has been frequently applied in appeals in writ of habeas corpus cases. See Wyatt v. Goodlett, 311 Ky. 583, 227 S.W.2d 406. The question is whether the change in the method of computing time under the Civil Rules of Procedure applies in an appeal from a habeas corpus judgment.

A habeas corpus proceeding has been variously called or classified. The text of 25 Am.Jur., Habeas Corpus, Sec. 11, says that the prevailing view is that the proceeding is in its nature a civil rather than a criminal one, but it refers to authorities holding that "for certain purposes at least habeas corpus proceedings are looked upon as criminal in nature." See also 39 C.J.S., Habeas Corpus, §§ 1, 109. This court does not seem to have been called upon to determine the particular classification, although the procedure is defined by our Criminal Code of Practice. Ch. IV, Sec. 399 et seq. However, in Gardner v. Allen, 311 Ky. 147, 223 S.W.2d 723, we held that where a habeas corpus proceeding involves the custody of a minor child, it partakes of the nature of a civil suit in equity and is considered to be an action in rem, the child being the res; hence, that the Criminal Division of the Jefferson Circuit Court has no jurisdiction to entertain a proceeding in such a case. As pointed out in that opinion, inquiry of habeas corpus now extends far beyond the original scope. See also 25 Am.Jur., Habeas Corpus, Secs. 1, 4.

In the matter of an appeal, it has been variously held that a constitutional or statutory provision authorizing an appeal in civil cases does not permit an appeal where the writ was resorted to in a matter growing out of the administration of the penal law, although an appeal may be permitted where it grows out of the administration of the civil law. The cases are collected in Notes, 10 A.L.R. 401; 30 A.L.R. 1322. See 39 C.J.S., Habeas Corpus, §§ 109, 112. Until the Criminal Code of Practice provisions relating to writs of habeas corpus were amended to provide specifically for an appeal, there was no right of an appeal. The order is regarded as the order of a judge as distinguished from a court as a tribunal. Weddington v. Sloan, 15 B. Mon. 147, 54 Ky. 147; Proffer v. Stewart, 259 Ky. 445, 82 S.W.2d 468. Had the proceeding been regarded as a civil action throughout these many years, it would likely have been held to have been embraced in the provisions for appeals in civil cases generally.

Since the Criminal Code of Practice must be looked to exclusively for the right of appeal, we conclude that irrespective of whether a habeas corpus proceeding arises from a civil or a penal action, the provisions must be followed and the time for perfecting the appeal must be computed according to Sec. 429–1 of that Code as construed by this court, i. e., "within ten days from entry of the judgment," which includes the day of the entry and the day of the filing of the appeal.

Wherefore, the motion to vacate the order dismissing the appeal for want of jurisdiction is overruled.