**Shelby "Cotton" EMBRY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 26, 1968.

John D. Miller, Owensboro, for appellant.

Robert Matthews, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Shelby "Cotton" Embry was tried before a jury in the Muhlenberg Quarterly Court on a charge of selling alcoholic beverages in local option territory as denounced by KRS 242.230. The jury returned a verdict in that proceeding as follows: "We find the defendant guilty and fix his punishment at fine of none and thirty days in jail." The verdict was duly signed by the foreman of the jury.

KRS 242.990(1) provides that the penalty for a violation of KRS 242.230 upon a first conviction shall be fixed at a fine of " * * * not less than twenty nor more than one hundred dollars and, [imprisonment] in the county jail for not less than thirty nor more than sixty days." Conceiving that the judgment of the Muhlenberg Quarterly Court was void because it was based upon a verdict fixing a penalty other than that authorized by the statute, Embry filed his "Petition for Writ of Habeas Corpus Ad Subjiciendum" in the Muhlenberg Circuit Court. After a hearing on that petition, an order was entered by the trial court denying the relief sought and dismissing the petition. The present proceeding is an attempted appeal from the circuit court's order, and a motion to deny the motion for appeal for procedural defects has been passed to the merits. In treating of appeals in proceedings for habeas corpus, KRS 419.130(1) provides in pertinent part:

"Any party to a hearing on a writ may appeal to the Court of Appeals by filing with the clerk of the court, within thirty days after the entry of the judgment, the original record and a transcript of the evidence, together with a notice of appeal, which notice shall be served on the other parties at least two days before the appeal is filed."

The circuit court's order was entered March 29, 1967. The appellant filed a notice of appeal in the circuit court on March 29, 1967, but did not file any such notice in this court, and, of course, no copy of any notice in this court was served on "the other parties" as required by KRS 419.130(1). The record on appeal was not filed in this court until May 25, 1967, substantially more than thirty days after the circuit court's order of March 29, 1967. In these circumstances the motion to deny the attempted appeal must be sustained. See Bragg v. Knauf, Ky., 275 S.W.2d 905, and cases therein cited. Although the provisions of former Criminal Code, Section 429-1, were involved in Bragg, the present KRS 419.130 substantially incorporates the provisions of the former Criminal Code except for the enlargement of the appeal time from ten to thirty days; the precepts announced in Bragg are applicable to the case at bar.

For the reasons stated, the motion for appeal is overruled.

All concur.